**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00102-CV**

**IN RE MELVIN WHIPPLE**

_____

**Original Proceeding**
**435th District Court of Montgomery County, Texas**
**Trial Cause No. 04-04-02663-CV**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Melvin Whipple seeks relief from the trial court's March 3, 2022 "Order on Motion for Placement in Tiered Treatment Program" and March 8, 2022 "Amended Order of Civil Commitment." Whipple is subject to the trial court's jurisdiction under an August 6, 2004 "Stipulation and Agreed Final Judgment and Order of Civil Commitment." Whipple argues the conditions imposed by the 2004 civil commitment judgment are contractual in nature and he possesses settled expectations in the judgment that prohibit the trial court from unilaterally amending the order. In particular, Whipple argues the trial court

cannot amend the civil commitment order to comply with requirements imposed by the 2015 amendments to Chapter 841 of the Texas Health and Safety Code, place Whipple in a tiered treatment program, or order Whipple to submit to inpatient sex offender treatment in Texas.

The 2004 judgment, made in accordance with the agreement made by the parties, imposed a variety of conditions on Whipple, including a condition that he reside in Bluff, Utah, that he leave Texas within 72 hours of his release from prison in Texas, that he not visit or reside in Texas, and that he participate and comply with a treatment plan developed by an approved sex offender treatment provider for the State of Utah, "the state within which he resides." The judgment imposed on Whipple a condition that he "shall not change his residence without prior authorization from this court," required Whipple to submit to a biennial examination to be reported to the trial court, prosecutor and his counsel, and required Whipple to have his treatment provider to periodically assess his "success of treatment and supervision" and make timely recommendations to the trial court "regarding any change of residence, absence from the State of Utah and other appropriate matters[.]" Notably, these conditions were imposed on Whipple, not on the State of Texas. The trial court retained jurisdiction over the civil commitment and nothing in the judgment prohibited the trial court from modifying any of the conditions therein. A plain reading of the judgment reveals the parties contemplated the conditions in the

2

order would periodically be modified, and none of the treatment conditions were expressly excluded from being subject to modification by the trial court in the future.

Whipple argues he bargained for the commitment to take place in Utah. He fails to acknowledge the distinction between the civil commitment ordered by the judgment and the sex offender treatment he receives pursuant to that judgment. The agreed judgment commits Whipple for treatment pursuant to Chapter 841 of the Texas Health and Safety Code. The civil commitment remains in effect until such time as his behavioral abnormality has changed to such an extent that he is no longer likely to engage in another predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.081. The trial court reviews the commitment every two years and can modify the treatment requirements imposed on Whipple pursuant to civil commitment. *See id*. § 841.102. The trial court may modify the requirements imposed under the civil commitment order at any time after notice to each affected party and a hearing. *See id.* § 841.082(e). Nothing in the agreed judgment limited the trial court's jurisdiction over Whipple or its power to modify the treatment conditions as his treatment progressed.

Mandamus may issue only to correct a clear abuse of discretion for which there is no adequate remedy by way of appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Whipple failed to establish a clear abuse

3

of discretion by the trial court. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on April 20, 2022
Opinion Delivered April 21, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

4